**14   CV   2207**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

KEVENA DAVIS

Plaintiff,

- against -

CITY OF NEW YORK,
OFFICER WILLIAM ROSE,
OFFICER JOHN/JANE DOE(S) #'S 1-3,

Defendants.

------------------------------------------------------------------X

RECEIVED
MAR 28 2014
U.S.D.C. S.D. N.Y.
CASHIERS

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

Plaintiff, KEVENA DAVIS, by her attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which Plaintiff, KEVENA DAVIS, seeks damages to redress the deprivation, under color of state law, of rights secured to her under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about May 17, 2013, at approximately 5:30 p.m., at or near the location at 109 E. 16th Street in the county of New York, and in the City and State of New York, Plaintiff was falsely arrested and assaulted by Defendants including, but not limited to, OFFICER WILLIAM ROSE and OFFICER JOHN DOE(S) #'S 1-3. It is alleged that Defendants falsely arrested Plaintiff, and used excessive force in effectuating her arrest in violation of his constitutional rights. While in custody, Plaintiff was detained for approximately 30 hours before being brought before a Judge.

## II. JURISDICTION

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42

1

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3.    Plaintiff, KEVENA DAVIS, at all times relevant hereto resided in Kings County, specifically 1305 Lincoln Place, in the County of Kings, in the City of New York, and in the State of New York.

4.    Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the Department of Social Services (hereinafter "DSS"), and as such is the public employer of the Defendant officers herein.

5.    Defendant, OFFICER WILLIAM ROSE was a DSS officer, and at all relevant times hereto, acted in that capacity as an agent, servant and/or employee of Defendant CITY and within the scope of their employment.

6.    Defendants, OFFICERS JANE/JOHN DOE(S) #'s 1-3 were DSS officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7.    At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of DSS and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

2

## IV. FACTS

8.  On or about May 17, 2013, at approximately 5:30 p.m., Plaintiff, KEVENA DAVIS, was a pedestrian lawfully present in the vicinity of 109 E. 16th Street in the County, City and State of New York, where she had an appointment with the Department of Social Services.

9.  Plaintiff had finished her appointment and was leaving the building by the elevators when Defendant, OFFICER WILLIAM ROSE, told Plaintiff to "get in the elevator" and grabbed her and threw her into the elevator causing injury.

10. Upon being thrown into the elevator, Plaintiff, KEVENA DAVIS, called 911 on her phone and attempted to leave the building once the elevator doors opened to the ground floor.

11. While Plaintiff was leaving the building, Defendant, OFFICER WILLIAM ROSE, ran towards her and punched her in the chest causing injury.

12. Plaintiff yelled at Defendant, OFFICER WILLIAM ROSE, about striking her and Defendant ROSE grabbed her arms, pulled them behind her and slammed her approximately four times against the wall causing injury.

13. Defendant, OFFICER WILLIAM ROSE, then slammed Plaintiff on the ground, picked her up and put her in handcuffs.

14. Defendant, OFFICER WILLIAMS ROSE, also knocked the phone out of Plaintiff's hand and kicked it causing damage.

15. Plaintiff, KEVENA DAVIS, asked OFFICER WILLIAM ROSE why she was being arrested and he told her it was because she told him "don't touch me."

3

16.   Plaintiff was taken to a back room and held in handcuffs for approximately one (1) hour while she was searched and denied use of the bathroom facilities.

17.   Plaintiff would later receive a letter in the mail telling her that the case against her was dismissed.

18.   That heretofore and on the 23rd day of May, 2013, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19.   That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

20.   Paragraphs 1 through 19 of this complaint are hereby re-alleged and incorporated by reference herein.

21.   That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain her for approximately one hour.

22.   That in detaining Plaintiff for approximately one hour, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

4

23.   Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24.   As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25.   The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

26.   By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27.   By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28.   Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference herein.

29.   That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison her.

30. That Defendants intended to confine Plaintiff, and she was conscious of the confinement and did not consent to it.

31. That the confinement was not otherwise privileged.

32. By reason of Defendant's acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived her of her liberty when they subjected her to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

34. Paragraphs 1 through 33 are hereby re-alleged and incorporated by reference herein.

35. That the incident that resulted from the intentional application of physical force by Defendant, OFFICER WILLIAM ROSE, constituted a seizure and that the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36. That Defendant, OFFICER WILLIAM ROSE, had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

37. That Defendants, OFFICER JOHN/JANE DOE(S) #'S 1-3, are liable for preventable harm to Plaintiffs because they knew excessive force was being used; they knew a Constitutional violation had been committed through the use of that force; and these Defendants, OFFICER JOHN/JANE DOE(S) #'S 1-3, had a reasonable opportunity to intervene and prevent the harm from occurring and failed to do so.

38. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against her.

6

39.   That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers and was not actively resisting arrest or attempting to evade arrest.

40.   That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating her arrest.

41.   That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42.   That by reason of Defendants' acts and omissions, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, Defendants subjected Plaintiff to excessive force while effectuating her arrest, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

43.   That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

44.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

45.   That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

46. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

47. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

48. Paragraphs 1 through 47 are hereby re-alleged and incorporated by reference herein.

49. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure and that the use of force in effectuating the seizure was unreasonable under the circumstances.

50. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest as she did not pose a threat to the safety of the arresting officers.

51. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

52. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

53. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating her arrest, in violation of the laws of the State of New York

8

54. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

55. Paragraphs 1 through 54 are hereby re-alleged and incorporated by reference herein.

56. That Defendants intended to cause harmful bodily contact to Plaintiff.

57. That defendant Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

58. That Defendants' contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

59. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

9

3.  Awarding Plaintiff interest from May 17, 2013; and

4.  Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       March 26, 2014

Yours, etc.

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

10

## <u>ATTORNEY'S VERIFICATION</u>

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, KEVENA DAVIS. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:     New York, New York
           March 26, 2014


                                            _____
                                            JUSTIN M. ROPER, ESQ.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVENA DAVIS,

Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

Defendants.

---

## SUMMONS & VERIFIED COMPLAINT

---

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
KEVENA DAVIS
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

\* Not for service of papers.